```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
BANK OF AMERICA, N.A.,

                        Plaintiff,

        - against -                              SUMMARY REMAND ORDER
                                                 18-CV-4955(JS)(ARL)
MAURA KRUMHOLZ, WILLIAM KRUMHOLZ,
CAPITAL ONE BANK, N.A., FORD MOTOR
CREDIT CO. d/b/a JAGUAR CREDIT
CORPORATION, PETRO, INC., THE CHASE
MANHATTAN BANK, "JOHN DOES" AND "JANE
DOES", said names being fictitious,
parties intended being possible tenants
or occupants of premises, and corporations,
other entities or persons who claim, or
may claim, a lien against the premises,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:          Shanna J. Black, Esq.
                        Rosicki, Rosicki & Associates, P.C.,
                        521 E. Bethpage Road
                        Plainview, NY 11803

For Defendants:         Maura Krumholz, pro se
                        William Krumholz, pro se
                        12 Hemlock Ct.
                        Oyster Bay, NY 11771

Capital One Bank, N.A.,
For Motor Credit Co.
 d/b/a Jaguar Credit
 Corp., Petro, Inc.,
Chase Manhattan Bank,
John and Jane Does      No appearances
```

SEYBERT, District Judge:

On August 31, 2018, pro se defendant William Krumholz ("Krumholz") filed a Notice of Removal (Notice, Docket Entry 1) seeking to remove a mortgage foreclosure action from the New York

State Supreme Court, Nassau County ("state court"), assigned Index No. 13-013514, to this Court (see, Docket Entry 1-1, at 3-6). Krumholz's submission alleges that this Court has removal jurisdiction under 28 U.S.C. §§ 1331, 1441, and 1446. (Docket Entry 1 at 1-2.) Krumholz paid the Court's filing fee at the time he filed the Notice. For the reasons that follow, the matter is hereby summarily remanded to state court.

DISCUSSION

I. The Removal Statute

Pursuant to 28 U.S.C. § 1441(a), ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). In addition, 28 U.S.C. § 1446(a) sets forth the procedure for removal to be followed:

> A defendant or defendants desiring to removal any civil action from a State court shall file in the district court of the United States . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and other papers served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). As to the timing of removal, subsection (b)

makes clear that

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or process or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . or within 30 days after the service of the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter.

28 U.S.C. § 1446(b). In addition, subsection (b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A).

"[S]tatutory procedures for removal are to be strictly construed," Syngenta Crop. Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S. Ct. 366, 369, 154 L. Ed. 2d 368 (2002), and any doubts must be resolved against "removability" "out of respect for the limited jurisdiction of the federal courts and the rights of the states . . . ." In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007) (internal quotation marks and citations omitted). "[T]he burden is on the removing party to prove that it has met the requirements for removal." Ulysse v. AAR Aircraft Component Servs., 841 F. Supp. 2d 659, 666 (E.D.N.Y. 2012) (internal quotation marks and citation omitted).

Here, as is readily apparent, Krumholz has not

3

demonstrated that his Notice of Removal was timely filed within the thirty-day period prescribed by 28 U.S.C. § 1446(b)(1). Krumholz alleges that the Complaint was filed on November 6, 2013 and that he received the Summons and Complaint on November 27, 2013. Given that Krumholz seeks to remove the action some five years later, well-beyond the thirty-day period, his Notice of Removal is untimely. Thus, regardless of whether Krumholz's Notice of Removal invokes this Court's jurisdiction, there is no basis in law for Krumholz's attempt to remove this action to federal court well after the statutory thirty-day time period has long expired. Notwithstanding Krumholz conclusory assertion that the statutory thirty-day period should be tolled, he has provided no facts from which the Court can reasonably find a basis to equitably toll the statutory time period for removal. Rather, Krumholz alleges that Plaintiff has "manipulated the judiciary through collusion violation of NY trust laws, violation of NY Blue sky laws and other manipulative tactics involving public officers inter alia to usurp, abrogate in order to deny defendant due process and meaning full access to the court." (Notice at 5, ¶ 9.)

Moreover, Krumholz does not indicate whether the other named defendants "join[ ] in or consent[ ]" to the removal of this action and the Notice of Removal is signed only by Krumholz. Accordingly, this action is <u>sua sponte</u> remanded to the state court

4

pursuant to 42 U.S.C. § 1447(c). See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127, 131 (2d Cir. 2006) (recognizing that a district court may sua sponte remand a case for a procedural defect within thirty (30) days of the filing of the Notice of Removal); accord Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642, 644 (2d Cir. 1993); Allstate Ins. Co. v. Zhigun, No. 03-CV-10302, 2004 WL 187147 (S.D.N.Y. Jan. 30, 2004) (remanding case to state court for failure to comply with the statutory procedural requirements); Cassara v. Ralston, 832 F. Supp. 752, 753-54 (S.D.N.Y. 1993) (holding that 28 U.S.C. § 1447(c) authorizes a district court to sua sponte remand actions to state court for defects in removal procedure).

Although Krumholz paid the Court's filing fee, should he seek leave to appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to: (1) mail a copy of this Order to all parties; (2) mail a certified copy of this Order to the Clerk of the New York State Supreme Court, Nassau County, pursuant to 42 U.S.C. § 1447(c); and (3) CLOSE this case.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September __18__, 2018
       Central Islip, New York

6